**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 07-1960-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| CCA-Saguaro Correctional Center, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the CCA-Saguaro Correctional Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" 28 U.S.C. § 1915(g).**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1  § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2  v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir.1997). A prisoner barred from proceeding *in*
3  *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4  §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5  Cir.1996).

6  More than three of the prior actions Plaintiff has filed in federal courts have been
7  dismissed as frivolous, malicious, or as failing to state a claim. See Grandinetti v. Iranon,
8  CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9  Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C.
13 § 1915(g).

14 **II.     Failure to Allege Imminent Danger of Serious Physical Injury**

15 Plaintiff appears to allege that in September 2007, he was improperly transferred from
16 a Mississippi facility to CCA-Saguaro Correctional Center.

17 An allegation of past harm does not constitute a credible allegation that Plaintiff is in
18 imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for
19 Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee.
20 Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to
21 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to
22 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
23 his action.

24 **IT IS ORDERED**:

25 (1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28
26 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied
27 by the full $350.00 filing fee.

28

1   (3)  The Clerk of Court must enter judgment accordingly and close this case.

2   DATED this 30th day of October, 2007.

(3)     The Clerk of Court must enter judgment accordingly and close this case.

DATED this 30th day of October, 2007.

_____
Mary H. Murguia
United States District Judge

- 3 -