**WO**                                                                                               KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, ) | No. CV 07-1960-PHX-MHM (BPV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| CCA-Saguaro Correctional Center, et al., ) | |
| Defendants. ) | |

Plaintiff Francis A. Grandinetti, II, who is confined in the CCA-Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On November 1, 2007, the Court dismissed the Complaint pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) because more than three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim.  See Grandinetti v. Iranon, CV 96-101-HC (E.D. Tex. Jan. 26, 1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex. Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5, 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

On January 4, 2008, Plaintiff filed a Motion for Reconsideration (Doc. #5).  Motions for reconsideration should be granted only in rare circumstances.  Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or

1  the initial decision was manifestly unjust, or (3) if there is an intervening change in
2  controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255,
3  1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to
4  rethink what the court had already thought through — rightly or wrongly.'" Defenders of
5  Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,
6  99 F.R.D. 99, 101 (E.D.Va. 1983)).

In his Motion for Reconsideration, Plaintiff does not present new evidence, demonstrate an intervening change in controlling law, or argue that the Court's dismissal constitutes clear error. Rather, Plaintiff makes several statements that appear to be unrelated to this action. Accordingly, the Court will deny the Motion for Reconsideration.

**IT IS ORDERED** that Plaintiff's January 4, 2007 Motion for Reconsideration (Doc. #5) is **denied**.

DATED this 25th day of January, 2008.

_____
Mary H. Murguia
United States District Judge